UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>　　v.<br><br>YANCEY PAYNE,<br><br>　　　　　Petitioner. | No. 2:96-cr-0426 WBS KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

　　　　Petitioner is a former federal prisoner, proceeding through counsel, who filed a petition for writ of error coram nobis under 28 U.S.C. § 1651(a). Petitioner contends that he was unlawfully convicted of violating 18 U.S.C. § 924(c), unlawful carrying of a firearm during a "crime of violence," because the offense that formed the basis for his conviction under 18 U.S.C. § 924(c), federal armed bank robbery, is no longer a "crime of violence" following Johnson v. United States, 135 S. Ct. 2551 (2015). As discussed below, the undersigned recommends that the petition be denied.

II. Background

　　　　On October 3, 1996, petitioner was indicted on charges of armed bank robbery (count one), in violation of 18 U.S.C. § 2113(a) and (d) (hereafter "§ 2113"), and using a firearm during and in relation to a crime of violence (count two), in violation of 18 U.S.C. § 924(c). Following

jury trial, petitioner was convicted on both counts. Petitioner was sentenced to 78 months on count one, and a consecutive sentence of 60 months on count two, resulting in a total federal prison term of 138 months.

Petitioner filed an appeal. His conviction was affirmed by the United States Court of Appeals for the Ninth Circuit on December 7, 1998. (ECF No. 75.) Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied by the district court on August 21, 2000. (ECF No. 93.)

Petitioner has served his sentence, including any term of supervised release. (ECF No. 1.)

III. Writ of Coram Nobis

"The writ of coram nobis is an ancient common-law remedy designed to correct errors of fact." United States v. Denedo, 556 U.S. 904, 910 (2009) (internal quotation marks and citation omitted). The "writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence." Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994); see also United States v. Morgan, 346 U.S. 502, 511 (1954) (recognizing that common law writ of error coram nobis still exists after enactment of 28 U.S.C. § 2255). Coram nobis relief may be requested when the prisoner is no longer in custody and is faced with a significant collateral consequence of his or her federal conviction. See United States v. Walgren, 885 F.2d 1417 (9th Cir. 1989) (after completion of sentence and parole, delay was reasonable where governing law was recently changed and made retroactive).

"Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002); see also Denedo, 556 U.S. at 910-11; United States v. Riedl, 496 F.3d 1003, 1005-06 (9th Cir. 2007). "To warrant coram nobis relief, [the prisoner] must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." Matus-Leva, 287 F.3d at 760; see also Riedl, 496 F.3d at 1006 (deportation was not sound reason for delay in filing petition). The prisoner is not entitled

2

to a writ of error coram nobis if he fails to meet any one of those requirements. See Matus-Leva, 287 F.3d at 760. For example, a prisoner may not resort to coram nobis merely because he failed to meet the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), such as the statute of limitations, or the successive petitions provision. See Matus-Leva, at 761.

IV. Intervening Legal Authorities

Since petitioner was convicted, the Supreme Court has issued numerous decisions bearing on § 924(c)'s definition of a crime of violence. See Johnson v. United States ("Johnson I"), 559 U.S. 133, 140 (2010) (construing the force clause of the Armed Career Criminal Act (ACCA)); United States v. Gutierrez, 876 F.3d 1254, 1256 (9th Cir. 2017) (per curiam) (Johnson I standard applies to § 924(c)(3)'s similarly worded force clause). Importantly, on June 26, 2015, the Supreme Court found that the residual clause of the ACCA, 18 U.S.C. § 924(e), was unconstitutionally vague. Johnson v. United States ("Johnson II"), 135 S. Ct. 2551, 2557 (2015). Such residual clause defined a "violent felony" as a felony "that . . . involves conduct that presents a serious potential risk of physical injury to another." Id. On April 18, 2016, the Supreme Court declared this holding retroactive in cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

In Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015), the Ninth Circuit held that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague, and the Supreme Court affirmed that holding. See Sessions v. Dimaya, 138 S. Ct. 1204, 1223 (2018). Section 16(b)'s definition of crime of violence is virtually identical to § 924(c)'s definition of crime of violence. As a result, some district courts have found that Dimaya compels the conclusion that the residual clause of § 924(c) is unconstitutionally vague. See Wade v. United States, 242 F. Supp. 3d 974, 979 (C.D. Cal. 2017); see also Gaybor v. United States, 2018 WL 4519200, at *6 (D. Ariz. May 9, 2018).

V. Discussion

Petitioner argues that his sentence under § 924(c) must be vacated because armed bank robbery as defined in § 2113 does not, after Johnson II, qualify as a "crime of violence" under

3

either the elements clause of § 924(c)(3)(A), or the residual clause of § 924(c)(3)(B). At the time the instant petition was filed, this was an unsettled question in this circuit. However, on February 1, 2018, the United States Court of Appeals for the Ninth Circuit held that federal armed bank robbery remains a crime of violence within the meaning of 18 U.S.C. § 924(c). United States v. Watson, 881 F.3d 782 (9th Cir. 2018). Such holding is binding on this court and forecloses petitioner's arguments on this issue. Regardless of the constitutionality of § 924(c)'s residual clause, armed bank robbery is categorically a crime of violence under § 924(c)'s force clause. Watson, 881 F.3d at 786.

VI. Conclusion

In light of Watson, petitioner cannot demonstrate fundamental error entitling him to relief.

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of error coram nobis (ECF No. 101) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 16, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/payn0426.257